1   Perry L. Tatmon
    P.O. Box 8
2   Avenal, CA  93204

3   PLAINTIFF IN PRO PER

FILED

MAY 1 9 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

4                       UNITED STATES DISTRICT COURT

5                       EASTERN DISTRICT OF CALIFORNIA

6   PERRY L. TATMON                          )   Case NO. 1:08-CV-00695-LJO-DLB-PC
                                             )
7        Plaintiff,                          )   42 U.S.C.§1983
                                             )   CIVIL RIGHTS COMPLAINT
8   VS.                                      )   DEMAND FOR JURY TRIAL
                                             )
9   JAMES D. HARTLEY, WARDEN; LONNIE WATSON, WARDEN; )
    SANDRA R. PENNYWELL, ASSOCIATE WARDEN; ELLEN     )
10  GREENMAN. CHIEF MEDICAL OFFICER; ERICA WIENSTEIN, )
    C.M.O; S. SURYADEVARA, C.M.O.; KATHY JONES,      )
11  HEALTH CARE MANAGER; DR. Y. PAIK, ORTHOPEDIC     )
    SURGUEN; DR. J. PAPPENFUS, PRIMARY CARE PHYSICIAN)
12  JULIE DUKES, MEDICAL RECORD SUPERVISOR; RICHARD  )
    MERRILL, SUPERVISOR R.N.II; JOHN DOE DELACRUZ,   )
13  LICENSED VOCATIONAL NURSE; JANE DOE MYORAL, L.V. )
    N.; S. CHABAK, SUPERVISOR PHYSICAL THERAPIST;    )
14  E. EVERETT, P.T.; JANE DOE AVALA, SPECIALTY      )
    CLINIC SCHEDULER                                 )
15

16  PREVIOUS LAWSUITS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

17       There have been no previous lawsuits filed regarding the claims and

18  allegations; and there is a grievance procedure within the C.D.C.R. which

19  has been exhausted, shown by exhibits herewith.

20                          GENERAL ALLEGATION

21       1)  This is a complaint for damages for defendants' deliberate

22  indifference to the serious medical needs of plaintiff Perry L. Tatmon during

23  his confinement by the California Department of Corrections and Rehabilitation

24  (hereinafter "C.D.C.R."), at Avenal State Prison (hereinafter "A.S.P.").

25       2)  This action arises under 42 U.S.C.§1983 and jurisdiction is based upon

26  28 U.S.C.§1331 and §1343.

27       3)  All of the conduct rise to the claim alleged herein arose in Kings

28  County, California.  There for venue is proper under 28 U.S.C.§1391(b)(2).

1    4)  Plaintiff Tatmon, is and was at all relevant time mentioned herein an

2  inmate in the custody, control, and care of "C.D.C.R." employees at various

3  correctional institutions including "A.S.P.".  Plaintiff Tatmon has been an

4  inmate at "A.S.P." since April 29, 2003.  At all time during his

5  incarceration, Plaintiff Tatmon has relied on the medical care provider at

6  "C.D.C.R." prisons to provide him with necessary medical care.

7    5)  Plaintiff Tatmon asks this court to judicially note that under

8  (Federal Rules of Evidence 201) that on May 5, 2005 the Honorable Thelton

9  Henderson United States District Court for the Northern District of

10 California, CO.#C01-1351 TEH Plata vs. Schwarzengger, Found that the

11 California Department of Corrections and Rehabilitation Medical Department has

12 been found to be constitutionally inadequate.  Plaintiff Tatmon request this

13 finding be deemed binding in this proceeding.

14                                **PARTIES**

15   A)  Perry L. Tatmon (hereinafter "Plaintiff Tatmon") is the plaintiff in

16 this case and, resides at "A.S.P." Facility 610-1-17L at Avenal, California

17 93204. From February 14, 2002 until present day Plaintiff Tatmon was and at

18 all times relevant an inmate in the custody of "C.D.C.R." at all times during

19 plaintiffs incarceration he relied on medical care providers at "C.D.C.R."

20 prisons to provide him with necessary medical care.

21   B)  James D. Hartley is a defendant in the case, (hereinafter "Defendant

22 Hartley").  Defendant Hartley was during part of the time relevant herein

23 employed by "C.D.C.R." as the Warden at "A.S.P." 1-Kings Way, Avenal,

24 California 93204, and is charged with overall responsibility for the

25 operation, management, and administration of "A.S.P.".  He had the additional

26 responsibility for supervision, training, correcting, and discipline of all

27 staff, and prisoners under his charge.  He had further duty to review, act

28

1  upon complaints appeals alleging neglect, denial, and delay as
2  well as inadequate medical care, mistreatment, or constitutional
3  rights violations of all under his charge.  He is being sued
4  in his indivdual capacity.

5      C)  Lonnie Watson is a denfendat in the case, (hereinafter
6  "Defendant Watson").  "Defendant Watson" was during part of the
7  time relevant herein employed by "C.D.C.R." as the Warden at
8  "A.S.P." 1-Kings Way, Avenal, California 93204.  Plaintiff Tatmon
9  is informed, and therefore believes that denfendant has resigned,
10 or was terminated as the Warden of "A.S.P." within the last year
11 and as necessary will amend this pleading to allege the specific
12 time frame of his services at "A.S.P." when it is ascertained.
13 "Defendant Watson" as the Warden of "A.S.P." was charged with
14 the overall responsibility for operation, management, and admini-
15 stration of "A.S.P.".  He had the additional responsibility for
16 supervision, training, correcting, and discipline of all staff,
17 and prisoners under his charge.  He had further duty to review,
18 act upon complaints or appeals alleging neglect, denial, or delay
19 as well as inadequate medical care, mistreatment, or constitutional
20 rights violations of all under his charge.  He is being sued
21 in his individual capacity.

22     D)  Sandra K. Pennywell is a denfendant in the case. (Here-
23 inafter "Defendant Pennywell").  "Defendant Pennywell" was during
24 part of the time relevant herein employed by "C.D.C.R." as an
25 Assiciate warden at "A.S.P." 1-Kings Way, Avenal, California
26 93204, C Facility - 6 yard.  "Plaintiff Tatmon" is informed,
27 and therefore believes that "Defendant Pennywell" has transferred
28 job positions in the last year; as necessary plaintiff will amend

1  this pleading to allege the specific time frame of "Defendant
2  Pennywell" services at "A.S.P." when it is acsertained.  "Defendant
3  Pennywell" as the Associate Warden for Facility - 6 yard was
4  in charge of overall responsibility for the operation, management,
5  and administration of Facility - 6 yard at "A.S.P.".  She had
6  the additional responsibility for supervision, training, correcting,
7  or discipline  of all staff and prisoners under her charge.  She
8  had further duty to review or act upon complaints, and appeals
9  alleging neglect, denial, or delay as well as in adequate medical
10 care, mistreatment, or constitutional rights violations of all
11 under her charge.  She is being sued in her individual capacity.

12      E)  Ellen Greenman is a defendant in the case.  (Hereinafter
13 "Defendant Greenman").  "Defendant Greenman" was during part
14 of the time relevant herein employed by "C.D.C.D.R." as the Chief
15 Medical Officer (Hereinafter "C.M.O." at "A.S.P." 1-Kings WAy,
16 Avenal, California 93204.  "Plaintiff Tatmon" is further informed,
17 and believes that "Defendant Greenman" is a properly trained,
18 and licensed medical doctor who was responsible for all inmates
19 at "A.S.P." this included, but was not limited to the supervision
20 direction and/or proper training of the medical staff at "A.S.P."
21 in delivery of health care services, and the management of health
22 care programs, involvement in the determiniation of proper medical
23 care, including, but not limited to having authority to order
24 or approve medical tests, treatment or ensure proper care is
25 delivered to inmates at "A.S.P.".  "Defendant Greenman" having
26 authority, and responsibility for ensuring the proper ordering
27 or stocking of medical supplies, communication of medical needs
28 to correctional custody staff, and generally ensuring proper

1   treatment is provided to all inmates.  "Defendant Greenman" was
2   responsible for ensuring that all "A.S.P." medical staff, or
3   all other providers with whom the "C.D.C.R.", or "A.S.P." con-
4   tracted in providing medical care to inmates at "A.S.P." and
5   that such individuals knew and understood, and acted pursuant
6   to "C.D.C.R." POLICY.  At all times mentioned "Defendant Green-
7   man" was acting under the color of state law in the course and
8   scope of her employment and is dued herein in her individual
9   capacity.

10   F)  Erica Wienstein is a defendant in the case. (Hereinafter
11   "Defendant Wienstein")  "Defenant Wienstein" was during part
12   of the time relenvant herein emplyed by "C.D.C.R." as "C.M.O."
13   at "A.S.P." 1-Kings Way, Avenal, California 93204. "Plaintiff
14   Tatmon" is further informed, and believes that "Defendant Wien-
15   stein" has transferred job positions in the last year; as nece-
16   ssary, plaintiff wil amend this pleading to allege the specific
17   time frame of "Defendant Wienstein" services at A.S.P." when
18   it is ascertained.  "Plaintiff Tatmon" is informed and believes
19   that "Defendant Wienstein" is a properly trained, and licensed
20   medical doctor who was responsible for all inmates at "A.S.P."
21   This included, but was not limited to, the supervision, direction,
22   and/or proper training of the medical staff at "A.S.P." in
23   the delivery of health care services or the management of health
24   care prgrams, involvement in the determination of proper medical care for
25   inmates, including, but not limited to, having authority to order or approve
26   medical test, treatment, and ensure care is delivered to inmates at "A.S.P."
27   "Defendant Wienstein" having the athority, and responsiblity for ensuring
28   proper ordering and stocking of medical supplies, communication of medical

needs to correctional custody staff, and generally ensuring proper treatment is provided to all inmates. "Defendant Wienstein" was responsible for ensuring all "A.S.P." medical staff or all other providers with whom "C.D.C.R." or "A.S. P." contractied in providing medical care to inmates at A.S.P." knew, understood, and acted pursuant to "C.D.C.R." policy at all times mentioned. "Defendant Wien- stein" was acting under teh color of state law in the course and scope of her employment and is sued herein in her individual capacity.

G) S. Suryadevara is a defendant in the case (Hereinafter "Defendant Suryadevara") was during part of the time relevant herein employed by C.D.C.R." as the "C.M.O." at "A.S.P." l-Kings Way, AVenal, California 93204. "Plaintiff Tatmon" is further informed, and believes that "Defendant Suryadevara" has tranfer job positions in the last year, and as necessary will amend this plead- ing to allege the specific time frame of "Defendant Suryadevara" services at "A.S.P." when it is ascertained. "Plaintiff Tatmon" is informed, and believes that "Defendnat Suryadevara" is a properly trained, and licensed medical doc- tor who was responsible for all inmates at "A.S.P.". This included, but was not limited to the supervision, direction and/or proper training of the medical staff at "A.S.P." in the delivery of health care services, and the management of health care programs. Involvement in the determination of proper medical care for inmates, including, but not limited to having authority to order, and approve medical test, treatment, and that care is delivered to inmates at "A.S.P.". "Defendant Suryadevara" having the authority, and responsibility for ensuring the proper ordering, and stocking of medical supplies, communication of medical needs to correctional custody staff, and generally making sure that proper treatment is provided to all inmates. "Defendant Suryadevara" was re- sponsible for ensuring that all "A.S.P." medical staff, and all other providers with whom the "C.D.C.R." or "A.S.P." contracted in providing medical care to inmates at "A.S.P.". Knew, understood, and acted pursuant to "C.D.C.R."

policy at all times mentioned. "Defendant Suryadevara" was acting under the color of state law in the course, and scope of his/her employment, and is sued herein in his/or her individual capacity.

H) Kathy Jones is a defendant in the case (Hereinafter "Defendant Jones") was during part of the time relevant employed by "C.D.C.R." as the Health Care Manager (Hereinafter "H.C.M.") at Avenal State Prison (Hereinafter "A.S.P."), 1-Kings Way, Avenal, California 93204. "Plaintiff Tatmon" is informed, and believes that "Defendant Jones" has transferred job positions in the last year. As necessary plaintiff will amend this pleading to allege the specific time frame of "Defendant Jones" services at "A.S.P.". "Plaintiff Tatmon" is informed, and believes that "Defendant Jones" is a properly trained, qualified health care provider. This includes, but not limited to supervision, direction of Medical Clinics, the delivery of health care services or management of health care programs. At all times mentioned herein "Defendant Jones" was acting under color of state law in the course, and scope of her employment, and is sued herein her individual capacity.

I) Young Paik is a defendant in the case. (Hereinafter "Defendant Paik"). Located: Pacific Orthopedic Medical Group (Hereinafter "P.O.M.G."), 2619 "F" Street, Bakersfield, California 93301. "Defendant Paik" was during the time relevant contracted by "C.D.C.R." at "A.S.P." 1-Kings Way, Avenal, California 93204 as an Orthopedic Surgeon, and Specialist. "Plaintiff Tatmon" is informed, and believes that "Defendant Paik" is a properly trained, licensed doctor who has been responsible for the medical care of inmates at "A.S.P.". At all time mentioned herein "Defendant Paik" was acting under color of state law in the course and scope of his employment and is sued herein his individual capacity.

J) J. Pappenfus is a defendant in the case. (Hereinafter "Defendant Pappenfus" was during the time relevant employed by "C.D.C.R." at "A.S.P."

located at 1-Kings Way, Avenal, California 93204 as a Primary Care Physician.
"Plaintiff Tatmon" is informed, and believes that "Defendant Pappenfus is a
properly trained, licensed medical doctor who is, and has been responsible for
the medical care of inmates at "A.S.P.". At all time mentioned herein defend-
ant was acting under color of state law in the course and scope of his employ-
ment and is sued herein his individual capacity.

K)   Julie Dukes is a defendant in the case. (Hereinafter "Defendant
Dukes") was during part of the time relevant herein employed by "C.D.C.R."
at "A.S.P." 1-Kings Way, Avenal, California 93204. "Plaintiff Tatmon" is
informed and believes that "Defendant Dukes" is employed as a Supervisor of
Medical Records at "A.S.P." and is properly trained, and qualified as a Mana-
ger   of Records Department. This included, but is not limited to, directing,
over-seeing personnel under her charge. In the course and scope of her employ-
ment and is sued in her individual capacity.

L)  Richard Merrills is a defendant in the case. (Hereinafter "Defendant
Merrills") was during the time relevant employed by "C.D.C.R." at "A.S.P."
1-Kings Way, Avenal, California 93204 as a Registered Nurse Supervisor, R.N.
II. "Plaintiff Tatmon" is informed and believes that "Defendant Merrills" is
a properly trained and licensed Registered Nurse. This included but was not
limited to the supervision and direction of other under his charge. "Defendant
Merrills" was acting under the color of state law in the course, and scope of
his employment and is sued herein his individual capacity.

M)  John Doe Delacruz is a defendant in the case. (Hereinafter "Defend-
ant Delacruz") was during part of the time relevant herein employed by "C.D.C.
R." at "A.S.P." 1-Kings Way, Avenal, California 93204 as a Licensed Vocational
Nurse (Hereinafter "L.V.N."). "Plaintiff Tatmon" is informed, and believes
that "Defendant Delacruz" has transferred, or was terminated from his job
position in the last year; as necessary plaintiff will amend this pleading to

allege the specific time frame of his services at "A.S.P.". "Plaintiff Tatmon" is informed, and believes that "Defendant Delacruz" is a properly trained, licensed Registered Nurse who was responsible for the medical care of inmates at "A.S.P.". At all times mentioned herein "Defendant Delacruz" was acting under the color of state law in the course, and scope of his employment, and is sued in his individual capacity.

N) Jane Doe Myoral is a defendant in the case. (Hereinafter "Defendant Myoral") was during part of the time relevant employed by "C.D.C.R." at "A.S.P." l-Kings Way, Avenal, California 93204 as a Licensed Vocational Nurse (Hereinafter "L.V.N."). "Plaintiff Tatmon" is informed, and believes that "Defendant Myoral" is a properly trained, and licensed Registered Nurse who is, and has been responsible for the medical care of inmates at "A.S.P.". At all times mentioned herein "Defendant Myoral" was acting under the color of state law in the course, and scope of her employment, and is sued her individual capacity.

O) Steve Chabak is a defendant in the case. (Hereinafter "Defendant Chabak") was during the time relevant contracted by the "C.D.C.R." at "A.S.P." l-Kings Way, Avenal, California 93204 as a Physical Therapist (Hereinafter "P.T."). "Plaintiff Tatmon" is informed, and believes that "Defendant Chabak" is a properly trained, and licensed "P.T.". This includes, but is not limited to the supervision, and direction of other Physical Therapist under his charge. At all times mentioned herein "Defendant Chabak" was acting under color of state law in the course and scope of his employment and is sued herein his individual capacity.

P) Estelle Everett is a defendant in the case (Hereinafter "Defendant Everett") was during the time relevant contracted by "C.D.C.R." at "A.S.P." ! Kings Way, Avenal, California 93204 as a Physical Therapist (Hereinafter "P.T."). "Plaintiff Tatmon" is informed, and believes that "Defendant Everett" is a properly trained, and licensed "P.T.". At all times mentioned herein

1   "Defendant Everett" was acting under color of state law in the course, and scope

2   of her employment and is sued herein her individual capacity.

3       Q)  Jane Due Avala is a defendant in the case.  (Hereinafter "Defendant

4   Avala") was during part of the time relevant herein employed by "C.D.C.R." at

5   "A.S.P." 1-Kings Way, Avenal, California 93204.  "Plaintiff Tatmon" is in-

6   formed, and believes that "Defendant Avala" is employed as the Specialty

7   Clinic Scheduler, (Hereinafter "S.C.S.") at "A.S.P." and is properly trained,

8   and qualified at assignment of specialty clinic, and medical programs for

9   inmates at "A.S.P.".  This includes but is not limited to the "S.C.S." job

10  description.  "Defendant Avala" at all times mentioned herein was acting under

11  the color of state law in the course, and scope of her employment, and is sued

12  in her individual capapcity.

## PRELIMINARY STATEMENT

1  "Plaintiff Tatmon" sustained a severe injury to the left hip area on November

2  11, 2002 at Pleasant Valley State PRison. (hereinafter "P.V.S.P.") located:

3  24863 - West Jayne Avenue, Coalinga, California 93210-1135.  "Plaintiff Tatmon"

4  .was diagnosed to have sustained an "Inpact femoral neck fracture" by the on

5  duty primary care physician (hereinafter "P.C.P.") Dr. Kim at "P.V.S.P.".

6  On or about January 2005 it was found that "Plaintiff Tatmon" had injuried

7  the left foot breaking a bone off the heel, and damaging the achillies tendon.

8  On April 29, 2003 "Plaintiff Tatmon" transferred from P.V.S.P." to "A.S.P."

9  upon arrival "Plaintiff Tatmon" attempted on several different occasions to

10 gain medical attention for injured hip.  "Plaintiff Tatmon" filed "C.D.C.R."

11 inmate appeal 602 form (hereinafter "C.D.C.R. 602") against "Defendant Pappenfus"

12 for denial of medical care September 20, 2004

13 March 17, 2005 "Plaintiff Tatmon" was examined by Dr. Yen at "A.S.P."

14 facility 4 yard clinic.  A request for services was ordered for "Plaintiff

15 TAtmon" to be examined by orthopedic specialist for injured foot and hip.

16 Exh B.

17 April 25, 2006 "Plaintiff Tatmon was examined by Dr. Blackwell at "A.S.P."

18 390 infirmary after being delayed care or being examined by orthopedic special-

19 ist.  "Plaintiff was once again referred to orthopedic specialist.  "Plaintiff

20 Tatmon" was classified disabled.

21 June 7, 2006 Dr. R. Gonzales, Facility 6 Yard Primary Care Physician at

22 "A.S.P." prepared an orders, "R.F.S." for "Plaintiff Tatmon" to have 1)"urgent"

23 orthopedic consultation. 2)"R.F.S." for left hip, left foot. 3)"R.F.S." podiatry

24 consutation. Exh .

25 July 20, 2006 "C.D.C.R. 602" filed against "Defendant Dukes alleging she

26 hindered, and interred with "Plaintiff Tatmon" effort to acquire medical care.

27 April 9, 2007 "Plaintiff Tatmon" was transported to "P.O.M.G." examined

28 by "Defendant Paik" who diagnoses as follow: "Plaintiff Tatmon" is in need

1    of "Hemiarthoplasty Hip Replacement" possible total hip depending on finding

2    during surgery proceeding.

3       May 23, 2007 "Plaintiff Tatmon" was transported to Mercy Hospital located:

4    2215 Truxton Avenue, Bakersfield, California 93301.  Where "Total Arthoplasty

5    Hip Replacement was preformed.  Patient discharge (7) seven days later May

6    30, 2007.

7       May 31, 2007 "Plaintiff Tatmon" was examined by Dr. Castillo "P.C.P."

8    on Facility 6 yard "A.S.P.".  Dr. Castillo prepared a "R.F.S." order for "Ur-

9    gent" Physical Therapy for "Plaintiff Tatmon".

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

June 18, 2007 "Plaintiff Tatmon" was transported to P.O.M.G." for follow-up, and post-op surgery for arthoplasty hip replacement. "Defendant Paik" inquired if "Plaintiff Tatmon" had received physical therapy. Response "No, I have not." Defendant Paik prepared orders for "Plaintiff Tatmon" to receive physical therapy, and to be returned to P.O.M.G." in (60) days for follow-up examination.

Since returning from surgery May 30, 2007 "Plaintiff Tatmon" has not received any physical therapy up to October 15, 2007 which has caused complication in the healing process, constant, and continuous pain daily. "Plaintiff Tatmon" has to take pain management medication daily from May 30, 2007 to present day, past the normal recovery period. "Plaintiff Tatmon is unable to preform normal daily activities at present.

On several occasions needed pain medication was denied to "Plaintiff Tatmon" "C.D.C.R." 602" staff complaints filed: 1) August 24, 2007 against "Defendant Delacurz" for denial of prescribed pain medication. 2) September 3, 2007 against "Defendant Myoral" for denial of prescribed pain medication.

August 24, 2007 "Plaintiff Tatmon" was examined by Podiatry at "A.S.P." 390 Infirmary. "Plaintiff Tatmon" was to return in sixty (60) days, "Plaintiff Tatmon" still has not been returned to Podiatry in seven (7) months.

September 3, 2007 "Plaintiff Tatmon" was transported to "P.O.M.G." for follow-up post-op hip surgery. "Plaintiff Tatmon" still has not received physical therapy for arthoplasty surgery procedure.

Since returning from last follow-up visit to "P.O.M.G." post op for arthoplasty hip replacement on September 20, 2007. "Plaintiff Tatmon has not received any physical therapy or strength training for his leg. Two additional "C.D.C.R." 602 filed: 1) October 15, 2007 "Staff Complaint" against "Defendant Watson" for depriving "Plaintiff Tatmon of needed medical care for a serious medical condition. 2) October 15, 2007 "Staff Complaint" against "Defendant Pennywell"

1 | for denial and delay of adequate medical care.

2 |     November 17, 2007 Staff complaint filed against "Defendant Avala" after
3 | several attempts to inquire about not receiving physical therapy.

4 |     "Plaintiff Tatmon" agreed to arthoplasty hip surgery with the understanding
5 | that "P.O.M.G." and "A.S.P." would provide necessary care pre-op and post-op
6 | surgery care in the form of precautionary measures against infection, or re-
7 | jection of new prosthetics, physical or occupational therapy, and pain manage-
8 | ment medication.  Plaintiff has attempted numerous occasions to obtain care
9 | for complications for lack of physical therapy.  "Plaintiff Tatmon" has filed
10 | several "C.D.C.R. 602" for not providing physical therapy after hip surgery,
11 | not providing care for injury foot, intentionally withholding pain medication
12 | and having knowledge of serious medical needs, and depriving "Plaintiff Tatmon"
13 | of adequate medical care.  "Plaintiff Tatmon" is unable to perform normal daily
14 | activities because of substantial weakness, and obvious damage to the leg.
15 | "Plaintiff Tatmon" has intentionally been harassed by correctional custody
16 | staff in the means of intimidation for plaintiff filing numerous "C.D.C.R.
17 | 602" staff complaints in his pursuit to gain proper medical care.  "Plaintiff
18 | Tatmon" has thus exhausted his administrative remedies for the claim herein.

19 | **CAUSE OF ACTION**

20 | Defendants: James D. Hartly, Lonnie Watson, Sandra K. Pennywell, Ellen Greenman,
21 | Erica Wienstein, S. Suryadevara, Kathy Jones, Young Paik, J. Pappenfus, Richard
22 | Merrills, Steve Chabak, Estelle Everett, John Doe Delacruz, Jane Doe Myoral,
23 | Jane Doe Avala, and Julie Dukes, failure to address "Plaintiff Tatmon" request
24 | and needs for medical. *CARE.* The denial, delay, and interference of such care consti-
25 | tute a deprivation of "Plaintiff Tatmon" federally protected constitutional
26 | rights to adequate medical care which is in violation of the Eight Amendment
27 | to be free of cruel, and unusual punishment. This conduct falls under 42 U.S.C.
28 | §1983.

1

SECOND CAUSE OF ACTION

2    Based on the federal court finding on May 10, 2005 that "C.D.

3  C.R." medical delivery system was in utter disarray, between November

4  17, 2007 defendants: Hartley, Watson, Pennywell, Greenman, Wienstein,

5  Suryadevara, Jones, Paik, Pappenfus, Merrills, Chabak, Everett,

6  Delacruz, Myoral, and Avala violated "Plaintiff Tatmon" Eight

7  Amendment Rights under 42 U.S.C. §1983 by neglegently refusing

8  to provide constitutionally adequate medical care.  By providing

9  gross, insufficient medical care resulting in prolonged pain,

10  suffering and mental anguish over an extended period of time.

11

THIRD CAUSE OF ACTION

12  Between the dates of April 29, 2003, and November 17, 2007 defend-

13  ants: Hartley, Watson, Pennywell, Greenman, Wienstein, Suryadevara,

14  Jones, Paik, Pappenfus, Merrills, Chabak, Everett, Delacruz,

15  Myora, and Avala violated "Plaintiff Tatmon" Eigth Amendment

16  Rights under 42U.S.C. §1983 by provding callous indifference

17  to constitutionally adequate, and necessary medical attiention,

18  and care resulting in prolonged pain, suffering, and mental anguish

19  over an extended period of time as well as continued suffering.

20

21

22

23

24

25

26

27

28

## CLAIM FOR RELIEF

"Plaintiff Tatmon" refer, and incorporates by reference allegations of the preliminary statement. "Plaintiff Tatmon" medical conditions described herein constitute a serious medical need and failure to treat the conditions has resulted in significant injury, and the ongoing failure to treat it is likely to cause more serious injury. Said injuries has included but not necessarly been limited to a impacted femoral neck fracture, degenerative joint disease, fractured foot, and damaged achilles tendon as well as continuous, and severe pain. "Plaintiff Tatmon" medical condition also significantly effects his normal activities in each, and every day life.

"Plaintiff Tatmon" thereon alleges that defendants: Hartly, Watson, Pennywell, Greenman, Wienstein, Suryadevara, Jones, Paik, Pappenfus, Chabak, Everett, Merrills, Delacruz, Myoral, Avala, and Dukes have acted intentionally in a manner described herein, or above with knowledge of "Plaintiff Tatmon" serious medical need in violation of plaintiff Eight Amendment right to be free from cruel, and unusual punishment.

Approximate result of defendants conduct "Plaintiff Tatmon" has suffered, and continues to suffer general damages in the form of severe pain and suffering, and emotional distress from being unable to ambulate normally, or perform daily activities. It is further believed that he will continue to suffer such damages in the future.

As a further proximate result of defendants conduct herein or above "Plaintiff Tatmon" believes and thereon alleges that he will suffer special damages in the future in the form of medical expenses for treatment of his conditions, or loss of income.

In acting as described herein or above defendants acted despicably, knowingly, willfully, maliciously with reckless or callous disregard, and deprivation of "Plaintiff Tatmon" federally protected rights entitling "Plaintiff

1  Tatmon" to an award of compensatory, and punitive damages.

2  **RELIEF REQUESTED**

3  "Plaintiff Tatmon" ask that you grant judgment against defendant as follows:

4  A.  Award plaintiff compensatory damage against defendants: James D.

5  Hartley, Lonnie Watson, and Sandra K. Pennywell in the amount of $500.000.00

6  individually, and separately.

7  B.  Award plaintiff compensatory damages against defendants:  Ellen Greenman,

8  Erica Wienstein, S. Suryadevara, J. Pappenfus, Young Paik, and Kathy Jones

9  iin the amount of $350.000.00 individually, and separately.

10  C.  Award plaintiff compensatory damages against defendants: · Steve Chabak

11  Estelle Everett, Richard Merrills, Jane Doe Avala, Jane Doe Myoral, John Doe

12  Delacruz, and Julie Dukes in the amount of $150.000.00 individually, and separately.

13  D.  Award plaintiff punitive damages against defendants:  James D. Hartley,

14  Lonnie Watson, and Sandra K. Pennywell in the amount of $300.000.00 individually,

15  and separately.

16  E.  Award plaintiff punitive damages against defendants:  Ellen Greenman,

17  Erica Wienstein, S. Suryadevara, J. Pappenfus, Young Paik, and Kathy Jones

18  in the amount of $200,000.00 individually, and separately.

19  F.  Award plaintiff punitive damages against defendants:  Steve Chabak,

20  Estelle Everett, Richard Merrills, Jane Doe Avala, Jane Doe Myoral, John Doe

21  Delacruz, and Julie Dukes in the amount of $100,000.00 individually, and sepa-

22  rately.

23  G.  Award reasonable attorney fees and court cost.

24  H.  Grant such other, and further relief this court deems just, proper,

25  and equitable.

26  **CONCLUSION**

27  All remedies have been exhausted at all previous levels "Plaintiff Tatmon"

28  injured himself, and tried to get medical attention through proper channels

1  within the "C.D.C.R." policy. Even after denial, and delay of medical care
2  for several years for the injured hip, and foot. Numerous "C.D.C.R." 602
3  appeals written, and granted, medical care was still delayed.

4      After receiving total arthoplasty hip replacement surgery. "Plaintiff
5  Tatmon" trusted, and believed he would receive adequate medical care by means
6  of physical therapy. "Plaintiff Tatmon" also believed he would receive long
7  term precaution advice on how to avoid injuring, dislocation, and adequate
8  post-op care for his left hip. "Plaintiff Tatmon" believed he would receive
9  adequate care for his injured foot to prevent further injury. Defendants
10 have failed to competently act, and respond to "Plaintiff Tatmon" serious
11 medical needs. Defendants have denied, and delayed access to medical, and
12 intentionally interfered with treatment that was prescribed, and requested
13 by surgeons, and primary care physician. The actions are reckless, and without
14 regards to "Plaintiff Tatmon" constitutional rights. By these actions "Plain-
15 tiff Tatmon" has lost full range of motion in left leg, unable to ambulate
16 most day's because of foot, as well as continuous swelling, and severe pain
17 "Plaintiff Tatmon" has extreme trouble performing normal daily activities
18 which is causing great emotional stress. "Plaintiff Tatmon" prays that the
19 court will honor this claim, and rule in his favor wherefore "Plaintiff Tatmon"
20 ask this honorable court to expedite matter, and to grant "Plaintiff Tatmon"
21 compensatory, and punitive damage in plaintiffs favor.

22
23
24
25
26
27
28

**VERIFICATION**

1

2    I declare under the penalty of perjury that the foregoing is ture, and

3    correct, dated this                        at Avenal State Prison, Avenal

4    California.

5

6    _____
     Perry L. Tatmon
7    Plaintiff in Pro Per

8        Plaintiff Perry L. Tatmon hereby request a trial by jury in this cause

9    of action.

10

11    Dated:_____

12

13    _____
     Perry L. Tatmon
14    Plaintiff in Pro Per

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED. CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:

ENTITLED: 42 U.S.C. §1983 Civil Rights Complaint, Demand for Jury Trial _____

_____

BY PLACING THE SAME IN AN ENVELOPE. SEALING IT BEFORE A CORRECTIONAL OFFICER.

AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSED IT

TO THE FOLLOWING:

        Clerk of the Court
        U.S. District Court
        Eastern District of California
        501 "I" Street, Suite 4-2000
        Sacramento, CA  95814

EXECUTED ON _____ _____. _____. 20 _____ AT AVENAL STATE PRISON. AVENAL CALIFORNIA

I. Brian Sean Palo _____ DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW

OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_____
SIGNITURE OF DECLARANT

Brian Sean Palo, K-00167
_____
PRINT NAME OF DECLARANT

PRO PER.