IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

|  |  |  |
|---|---|---|
| PERRY L. TATMON, | ) ) | |
| Plaintiff, | ) ) | Case No.  1:08-cv-00695-BLW-MHW |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| JAMES D. HARTLEY, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Currently pending before the Court are the following motions:  Plaintiff's Motion for Temporary Injunctive and Declaratory Relief (Docket No. 7); Plaintiff's Motion for Temporary Injunctive and Declaratory Relief (Docket No. 8); Plaintiff's Request for: Order to Show Cause Temporary Restraining Order and Protective Order (Docket No. 9); Plaintiff's Motion to Strike Defendant Untimely Answer and for Entry of Default (Docket No. 43); Plaintiff's Emergency Request to Set a Hearing for Temporary Restraining Order and Protective Order (Docket No. 52); Defendants Chabak, Hartley, Mayoral, Merrill, Pappenfus and Pennywell's Motion to Dismiss (Docket No. 53); Plaintiff's Motion for Extension of Time (Docket No. 62); and Plaintiff's Emergency Motion to Compel Answers on Defendants (Docket No. 64).  Having reviewed the Motions, Responses and relevant portions of the record, the Court concludes that

**Report and Recommendation - Page 1**

oral argument is unnecessary to resolve the Motions.  Accordingly, the Court enters the following Report and Recommendation.

## REPORT

### I.
### FACTUAL BACKGROUND

Plaintiff Perry L. Tatmon ("Plaintiff"), a prisoner at Avenal State Prison ("ASP"), brings this complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  The Defendants include James D. Hartley, Lonnie Watson, Sandra Pennywell, Ellen Greenman, Erica Wienstein, S. Suryadevara, Kathy Jones, Y. Paik, John Pappenfus, Julie Dukes, Richard Merrill, Delacruz, Fabiola Mayoral (sued as Myoral), Steven Chabak, E. Everett, and Lorraine Avalos (sued as Avala).

Plaintiff's Complaint alleges that he suffered a severe injury to his left hip on November 11, 2002 at Pleasant Valley State Prison.  He was transferred to ASP on April 29, 2003.  Plaintiff alleges that while he was housed at ASP Defendants were deliberately indifferent to his hip injury, including delayed treatment, improper treatment and failure to receive physical therapy after hip surgery.  He alleges that he attempted on several occasions to get treatment for his hip and filed a 602 inmate appeal on September 20, 2004 against Defendant Pappenfus for denial of medical care.

In January 2005, Plaintiff claims he injured his left foot, breaking a bone of the heel and damaging the Achilles tendon.  Plaintiff claims he was seen by Dr. Yen on March 17, 2005.  A request for service was ordered for Plaintiff to be examined by an orthopedic specialist for his injured foot and hip.

**Report and Recommendation - Page 2**

Plaintiff alleges he was examined by Dr. Blackwell on April 25, 2006 and was once again referred to an orthopedic specialist. On June 7, 2006, Plaintiff alleges Dr. R. Gonzales gave him an urgent referral for orthopedic consultation. On July 20, 2006, Plaintiff alleges he filed a 602 inmate appeal against Defendant Nurse Dukes for hindering or interfering with his efforts to acquire medical care.

On April 9, 2007, Plaintiff alleges he was seen by Defendant Dr. Paik who informed Plaintiff he needed hip replacement surgery. On May 23, 2007, Plaintiff underwent hip replacement surgery at Mercy Hospital in Bakersfield, California and was released on May 30, 2007.

On May 31, 2007, Plaintiff alleges he was examined by Dr. Castillo who referred him for physical therapy. On June 18, 2007, Plaintiff claims he was transported to Pacific Orthopedic Medical Group (P.O.M.G.) for follow-up after surgery. He also alleges he was seen by Dr. Paik who recommended physical therapy and a follow-up appointment in 60 days.

Plaintiff alleges he did not receive physical therapy until October 15, 2007 which has resulted in complications in the healing process and additional pain.

Plaintiff claims on several occasions he was denied pain medication. He filed a 602 complaint against Defendant Delacruz on August 24, 2007 for denial of prescribed pain medication and against Defendant Mayoral on September 3, 2007 for the same reason.

He also claims on August 24, 2007, he was examined by Podiatry at ASP and was to return in thirty days. Plaintiff asserts he has not since returned to podiatry.

On September 3, 2007, Plaintiff alleges he was transported to P.O.M.G. for follow-up care. Upon returning, he did not receive any physical therapy. On October 15, 2007, Plaintiff

**Report and Recommendation - Page 3**

alleges he filed 602 complaints against Defendant Watson and Defendant Pennywell for denial and delay of adequate medical care. He also alleges he filed a complaint against Defendant Avalos on November 17, 2007.

## II.
## PENDING MOTIONS

A.  **Motions for Temporary Injunctive and Declaratory Relief, Protective Order and Emergency Hearing**

Plaintiff has filed four motions (Docket No. 7, 8, 9, 52) for temporary injunctive and declaratory relief or entry of a protective order. In these motions, Plaintiff complains of alleged retaliatory conduct by correctional guards. Plaintiff believes these actions have been taken in response to his filing of this lawsuit. Plaintiff seeks an order from the Court preventing further retaliatory conduct. Plaintiff cites to several instances of alleged retaliation that are factually unrelated to the claims in this case. The alleged perpetrators are not defendants in this case. The actual Defendants are not alleged to have taken any such action against Plaintiff. Plaintiff may bring these unrelated claims of retaliation in a separate lawsuit if he wishes; however, he may not pursue them in this case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In *Devose*, the court explained:

> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *See Dataphase Sys., Inc., v. C L Sys., Inc.*, 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975). It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of

> mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985).

42 F.3d at 471.

Plaintiff's factual allegations underlying his request for temporary injunctive and declaratory relief are unrelated to the merits of the claims in his complaint and meet neither the "traditional standard" nor the "alternative standard" of law for temporary injunctive relief. *See Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (The traditional standard requires a demonstration of the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief); *Benda v. Grand Lodge of Internat'l. Ass'n. of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978) (Under the alternative standard, the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.). Accordingly, Plaintiff's motions should be denied.

**B.     Motion for Entry of Default and to Strike Answer**

Plaintiff moves the Court for entry of default pursuant to Rule 55(a) against Defendants Pennywell, Wienstein, Suryadevara, Dukes, Everett, and Delacruz (Docket No. 42). He also moves the Court pursuant to Rule 8 and Rule 55(b)(2) to strike the answers and enter default against Defendants Mayoral, Avalos, Watson, Merrill, Hartley, Pappenfus, Chabak, Greenman, and Jones (Docket No. 43). Plaintiff claims that these Defendants were duly served with a

**Report and Recommendation - Page 5**

summons and complaint in November 2008 by the U.S. Marshal Service and failed to file a timely answer within the 20 days listed on the summons. These Defendants have filed timely objections to the entry of default.

The waivers of service of summons were mailed by the U.S. Marshal Service on October 29, 2008, making the answers due 60 days later. Defendants Mayoral, Avalos, Watson, Merrill, Hartley, Chabak and Greenman signed their waivers of service on December 4, 2008. They, along with Pappenfus, filed answers on December 30, 2008. Pursuant to Rule 4(d)(3), these answers were timely filed.

Defendant Jones signed her waiver on December 11, 2008 and filed an answer on January 12, 2009. Defendants Pennywell and Everett signed their waivers on January 7, 2009 and filed their answers on January 8, 2009. Defendants Dukes and Wienstein answered on February 5, 2009. Defendants Suryadevara answered on February 26, 2009 and Defendant Delacruz on February 27, 2009. Under the waiver of service rule, these answers were untimely.[1]

In Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538 (9th Cir. 1988), the Ninth Circuit Court noted that "the philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful." Id. at 1546 (internal citation and punctuation omitted). The Defendants have responded to Plaintiff's complaint with reasonable promptness

---

[1] Defendants Dukes, Wienstein and Delacruz's waiver of service of summons were mailed to Avenal State Prison where they do not work. Defendant Suryadevara's waiver was also mailed there although the defendant no longer works there.

and did not miss their deadlines willfully. Under the circumstances, any default, even if entered, would be properly set aside. Accordingly, the Court finds that the Motion for Default should be denied.

**C.     Motion for Extension of Time**

Plaintiff sought an extension of time to April 2, 2009 to file a response to Defendants' Motion to Dismiss. Plaintiff filed his response on April 6, 2009. Accordingly, this motion is granted and his response deemed timely.

**D.     Motion to Compel**

In Plaintiff's Motion to Compel, he seeks responses to interrogatories and other discovery propounded upon the Defendants. He claims the discovery is necessary to respond to Defendant's Motion to Dismiss. According to Defendants, the deadlines for the discovery responses had not passed at the time Plaintiff filed his motion and some of the Defendants had not been served with discovery requests. Defendants assert that the particular Defendants who had been served with discovery requests properly responded to these requests by their deadlines.

The Court finds below that Defendants' Motion to Dismiss should be denied and therefore the discovery responses are not necessary for Plaintiff to defeat the motion. Accordingly, the Court finds that Plaintiff's Motion to Compel is deemed MOOT.

**E.     Motion to Dismiss**

    **1.     Exhaustion**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), an inmate is required to exhaust all available administrative remedies within the jail or prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that

**Report and Recommendation - Page 7**

unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).  In Jones, the Supreme Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  Id. at 204.

Proper exhaustion is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  Woodford v. Ngo, 548 U.S. 81, 88 (2006).  Where there is an informal and relatively simple prison grievance system, prisoners must take advantage of it before filing a civil rights complaint.  Id. at 103.  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Jones, 549 U.S. at 218.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion, and the court may resolve disputed issues of fact.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2002).  Defendants bear the burden of proving a lack of exhaustion.  Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  CAL. CODE REGS. Tit. 15, § 3084.1(a) (2008).  The regulations require the use of specific forms but contain no guidelines for grievance content.  Id., at §§ 3084.2, 3085.  Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed.  Id., at § 3084.5.  A division head reviews appeals on the first formal level, and the warden or a designee thereof reviews appeals on the second formal level.  See id., § 3084.5(b)(3), (e)(1).  Generally, completion of the third level, the Director's Level of

**Report and Recommendation - Page 8**

Review, exhausts the remedy. Id., at § 3084.1(a).

Defendants Mayoral, Pennywell, Merrill and Chabak assert that Plaintiff did not exhaust administrative grievances with respect to the claims he has brought against them. These Defendants contend that although Plaintiff exhausted eight 602 inmate appeals prior to bringing this lawsuit, they did not include any allegations against them and therefore were not exhausted. As for Defendant Hartley, he contends the appeal against him was exhausted after Plaintiff filed suit and therefore the claims against him should be dismissed.

With respect to the level of specificity required in a prisoner grievance, the Supreme Court has clearly stated "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. at 219. In that case, the Supreme Court rejected defendants' argument that because each defendant had not been identified in the administrative grievances, the claims against them should be dismissed. Id. at 218. The Court stated that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. Accordingly, because the administrative appeals system in that case did not require the prison to identify all potential defendants by name, his failure to do so was not fatal to his lawsuit. Id. at 218-19. The Supreme Court noted that the reasoning behind the exhaustion requirement is not to promote early notice to prisoner officials that they may later be sued by prisoners, but rather to alert prison officials to a problem and allow them to address complaints about the programs they administer. Id. at 219.

Further, repeated exhaustion of the same grievance is unnecessary to satisfy the exhaustion requirement. Lewis v. Naku, 2007 WL 3046013, *5 (E.D. Cal. Oct. 18, 2007). Prisoners are not required to file a separate grievance each time they allegedly receive inadequate medical care for an ongoing condition. Id. Nor does the PLRA or CDCR require the

Report and Recommendation - Page 9

plaintiff to re-start the grievance process each time he encounters a defendant. Id. at *6. The appeal form the prisoner fills out instructs the prisoner to "describe problem" and state the "action requested." The form does not state when a grievance must be repeated nor does it instruct who must be named in the grievance. Id. See also Lewis v. Mitchell, 416 F. Supp. 2d 935, 941-42 (S.D. Cal. 2005) (holding that the CDC 602 appeal form does not require a prisoner to name or identify specific prison officials).

In his complaint, Plaintiff lists three causes of action. The first cause of action is for the defendants' failure to address his requests and need for medical care, violating the Eighth Amendment. His second cause of action alleges that his Eighth Amendment rights were violated by defendants' negligent refusal to provide constitutionally adequate medical care and providing insufficient medical care that resulted in prolonged pain and suffering. The third cause of action alleges an Eighth Amendment violation because the Defendants acted in callous disregard to Plaintiff's request for medical attention.

In support of their motion to dismiss, Defendants have submitted the Declaration of N. Grannis, Chief of Inmate Appeals at the California Department of Corrections and Rehabilitation. This declaration states that Plaintiff filed seventeen inmate appeals, nine of which were medical appeals. Grannis Decl. (Docket No. 54). Eight of these appeals were exhausted prior to Plaintiff filing this lawsuit. Id.

These appeals focus on Plaintiff's complaints regarding his medical treatment following a hip injury and subsequent hip surgery. Plaintiff complained of not having access to his medical files and more importantly, that he was not receiving adequate follow-up care, particularly physical therapy and that several medical problems were going unaddressed. In these 602 appeals filed by Plaintiff, he specifically names some of the Defendants in the "describe

**Report and Recommendation - Page 10**

problem" or "action requested" section of the form; stating his appeals are complaints against staff for failure to address his medical concerns.[2]

Although he labels some of his appeals as staff complaints, his "description of the problem" and "action requested" section generally revolve around his argument and complaint that his medical needs are not being met and he is not receiving adequate physical therapy. *Id*., Exs. F, J, & L. Even the Director's Level did not treat Plaintiff's appeals as staff complaints. For example, ASP 07-02530 which Plaintiff labeled as a staff complaint against Defendant Jones was summarized at the Director's Level as follows: "It is appellant's position that he had a hip replacement operation and has been complaining that it is not healing correctly. He claims he was to receive extensive Physical Therapy (PT). He contends that the medical department is not addressing his medical problems concerning his hip and his foot. The appellant is requesting an investigation into his care and to have his medical issues addressed." *Id*., Ex. G.

The Court finds the claims were exhausted with respect to Defendants Pennywell, Mayoral, Merrills and Chabak. It is the nature of Plaintiff's claim, not whether a specific defendant was named in the grievance, that is paramount to the exhaustion issue. Throughout Plaintiff's administrative grievances, he continuously complained that his medical needs for his hip and foot were not being met. Those are the very same claims Plaintiff has brought in this lawsuit. Prison officials would not have been more aware of the problems about which Plaintiff complained had he filed another grievance each time he encountered a defendant or received inadequate care. Because the CDCR's own regulations do not require the prisoner to identify all

---

[2] For example, in ASP 07-02530, Plaintiff stated he was writing the appeal as a staff complaint against Kate Jones under the "describe problem" section. Similarly, in ASP 07-02524, he stated the appeal was a staff complaint against Chief Medical Officer Erica Wienstein. Grannis Decl., Exs. F & L.

**Report and Recommendation - Page 11**

potential defendants by name in the grievance, Defendants' argument that the PLRA imposes such a requirement as a prerequisite to exhaustion should be rejected. *See Jones*, 549 U.S. at 218.[3]

With regard to Defendant Hartley, Plaintiff filed ASP 08-00468 in which he stated that the appeal was being mailed directly to Hartley concerning the care and treatment Plaintiff had been receiving for his hip and foot injuries, and under "action requested" Plaintiff stated it was a "staff complaint against the Warden J.T. Hartley." Grannis Decl., Ex. R.  The Director's Level Appeal Decision was issued on July 8, 2008, after Plaintiff filed this lawsuit. *Id*., Ex. S.  Because a grievance must be exhausted *prior* to filing suit and exhaustion during the pendency of litigation will not save an action from dismissal, Defendant Hartley argues the claims against him should be dismissed. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  However, as stated above, it is the *nature* of the claim, not when a defendant is specifically named in a prisoner's grievance, that is important.  The Court found above that the Plaintiff exhausted the claims he has brought in this lawsuit.  This is no different with respect to Defendant Hartley, even though he was specifically named in a later grievance.  The purpose of exhaustion is not to put a particular defendant on notice that he may later be sued. *See Jones*, 549 U.S. at 218. Accordingly, Defendants' Motion to Dismiss should be denied.

### 2. Statute of Limitations

"Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004);

---

[3] It does appear that Plaintiff filed 602 appeals that reference Mayoral and Pennywell. *See* Plaintiff's Complaint, Exs. G & J.  These appeals never made it to the Director's Level and were "screened out" either because staff complaints could not be combined with other appeal issues or Plaintiff did not otherwise comply with the appeal procedure. *Id*.

*Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Under California law, "[a] cause of action accrues when the claim is complete with all of its elements." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). Generally speaking, claim accrual occurs on the date of the plaintiff's injury. *Id*.

Title 42 U.S.C. §1983 contains no specific statute of limitations. As a result, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. Therefore, a two-year statute of limitations applies to this action.

Defendant Pappenfus argues the acts he is alleged to have committed occurred on September 20, 2004,[4] more than two years before the date Plaintiff initiated the action. Accordingly, Defendant Pappenfus asserts that the claims against him are barred.

Several tolling provisions apply to Plaintiff's federal claims. First, the statute of limitations for a federal civil rights claim is tolled while the inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act ("PLRA"). *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). Second, under California law, the statute is tolled for a period of two years on civil rights claims when a person is imprisoned for a term less than life. *See* Cal. Civ. Proc. Code § 352.1.

---

[4] This appears to be the date that Plaintiff filed a 602 appeal in which Plaintiff complains of his hip injury and asks to be seen by someone other than the Facility 4 doctor (presumably, Dr. Pappenfus). At the first level of response, Dr. Pappenfus interviewed Plaintiff on October 21, 2004 and subsequently denied Plaintiff's request to see another doctor, finding Plaintiff's hip and shoulder were almost normal and gave Plaintiff advice on how not to further aggravate the injuries. Plaintiff's Complaint, Ex. O.

**Report and Recommendation - Page 13**

For a statute of limitations computation, the "commencement" of an action in federal court occurs on the date of filing of the complaint. *See* Fed. R. Civ. P. 3; *S.J., a minor child by and through his parents, S.H.J. and J.J., v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1292–93 (9th Cir. 2006). Plaintiff's complaint was filed on May 19, 2008. If Plaintiff is imprisoned for a term less than life, he is entitled to a tolling period of two years, allowing him to file his civil rights claims as late as September 20, 2008. It appears Plaintiff was sentenced to twelve years in state prison. *See People v. Tatmon*, 2002 WL 31623687 (Cal. App. 1 Dist. Nov. 21, 2002).[5] Accordingly, he is entitled to have the statute of limitations tolled for two years and therefore, his claim was timely filed. Defendant Pappenfus's Motion to Dismiss should be denied.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)   Plaintiff's Motion for Extension of Time (Docket No. 62), is **GRANTED**;

2)   Plaintiff's Emergency Motion to Compel Answers on Defendants (Docket No. 64) is deemed **MOOT**.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1)   Plaintiff's Motion for Temporary Injunctive and Declaratory Relief (Docket No.7) be **DENIED**;

2)   Plaintiff's Motion for Temporary Injunctive and Declaratory Relief (Docket No.

---

[5] The Court will allow Defendants to refute this finding by producing Plaintiff's official record of conviction to show that Plaintiff is, in fact, serving a life sentence.

**Report and Recommendation - Page 14**

8) be **DENIED**;

      3)      Plaintiff's Request for: Order to Show Cause, Temporary Restraining Order and Protective Order (Docket No. 9) be **DENIED**;

      4)      Plaintiff's Motion to Strike Defendant Untimely Answer and for Entry of Default (Docket No. 43) be **DENIED**;

      5)      Plaintiff's Emergency Request to Set a Hearing for Temporary Restraining Order and Protective Order (Docket No. 52) be **DENIED**;

      6)      Defendants Chabak, Hartley, Mayoral, Merrills, Pappenfus and Pennywell's Motion to Dismiss (Docket No. 52) be **DENIED**;

Written objections to this Report and Recommendation must be filed within thirty (30) days pursuant to 28 U.S.C. § 636(b)(1).  The document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The parties are advised that as result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 18, 2009

_____
Honorable Mikel H. Williams
United States Magistrate Judge