IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| PERRY L. TATMON, | ) | |
| | ) | Case No. 1:08-CV-695-BLW-MHW |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING** |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| JAMES D. HARTLEY, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court has before it a Report and Recommendation filed by the United States Magistrate Judge. (Docket No. 75.)  The time period for filing objections to the Report has passed without either party filing an objection.  Having reviewed the Report and Recommendation and having independently reviewed the record in this case, the Court finds that the Report and Recommendation reflects an appropriate application of the law to the facts of this case.  Therefore, the Court adopts the Report and Recommendation in full.  The Court will also set a pretrial schedule, which the parties are ordered to follow, unless it is superseded by a subsequent order.

**Order Adopting Report and Recommendation - 1**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and

Recommendation (Docket No. 75) is ADOPTED in full.

IT IS FURTHER HEREBY ORDERED as follows:

A.    Plaintiff's Motion for Temporary Injunctive and Declaratory Relief

(Docket No. 7) is DENIED;

B.    Plaintiff's Motion for Temporary Injunctive and Declaratory Relief

(Docket No. 8) is DENIED;

C.    Plaintiff's Request for: Order to Show Cause Temporary Restraining

Order and Protective Order (Docket No. 9) is DENIED;

D.    Plaintiff's Motion for Entry of Default and Motion to Strike

Defendant's Untimely Answer (Docket Nos. 42 & 43) are DENIED;

E.    Plaintiff's Emergency Request to Set a Hearing for Temporary

Restraining Order and Protective Order (Docket No. 52) is DENIED;

and

F.    Defendant Chabak, Hartley, Mayoral, Merrill, Pappenfus and

Pennywell's Motion to Dismiss (Docket No. 53) is DENIED.

IT IS FURTHER HEREBY ORDERED that the following pretrial schedule

shall govern this case unless superseded by a subsequent order:

**Order Adopting Report and Recommendation - 2**

1. **<u>Disclosure of Relevant Documents</u>:** On or before **September 4, 2009**, the parties shall provide each other with a copy of relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure.  Any party may request that the Court conduct an in camera review of withheld documents or information.

2. **<u>Completion of Discovery and Requests for Subpoenas</u>:**  All discovery shall be completed on or before **December 31, 2009.** Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  Discovery is exchanged between parties, not filed with the Court.  The Court is not involved in discovery unless the parties are unable to work out their differences between themselves as to whether the discovery responses are appropriate.  In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **November 27, 2009.**  No requests for subpoenas duces tecum will be entertained

after that date.  To obtain a subpoena, Plaintiff must first submit to the Court the names, addresses, and the type of information sought from each person or entity to be subpoenaed, and Plaintiff must explain the relevance of the items requested to his claims.  The Court will then determine whether the subpoenas should issue.

3.    **Depositions**:   Depositions, if any, shall be completed on or before **December 31, 2009.**  If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted.  Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents.  The parties and counsel shall be professional and courteous to one another during the depositions.  The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition.  If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take

**Order Adopting Report and Recommendation - 4**

depositions, he must file a motion requesting permission to do so,

specifically showing his ability to comply with the applicable Federal

Rules of Civil Procedure by providing the names of the proposed

persons to be deposed, the name and address of the court reporter

who will take the deposition, the estimated cost for the court

reporter's time and the recording, and the source of funds for payment

of the cost.

4. **<u>Dispositive Motions</u>:**  All motions for summary judgment and other

potentially dispositive motions shall be filed with accompanying

briefs on or before **January 29, 2010.**  Responsive briefs to such

motions shall be filed within thirty (30) days after service of motions.

Reply briefs, if any, shall be filed within fourteen (14) days after

service of responses.  All motions, responses, and replies shall

conform to Rule 7.1 of the Local Rules for the District of Idaho.

**Neither party shall file supplemental responses, replies, affidavits,**

**or other filings not authorized by the Local Rules without prior**

**leave of Court.  No motion or memorandum, typed or**

**handwritten, shall exceed 20 pages in length.**

**Order Adopting Report and Recommendation - 5**



DATED:  **September 8, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order Adopting Report and Recommendation - 6**